# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# SOUTHEASTERN DIVISION

| | |
|---|---|
| TRACY JOBE, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
|  vs. | )   Case number 1:13cv0009 TCM |
| | ) |
| CAROLYN W. COLVIN, Acting | ) |
| Commissioner of Social Security, | ) |
| | ) |
|     Defendant. | ) |

## MEMORANDUM AND ORDER

This is an action under 42 U.S.C. § 405(g) for judicial review of the final decision of Carolyn W. Colvin, the Acting Commissioner of Social Security (Commissioner), denying Tracy Jobe's (Plaintiff) applications for disability insurance benefits (DIB) under Title II of the Social Security Act (the Act), 42 U.S.C. § 401-433, and for supplemental security income (SSI) under Title XVI of the Act, 42 U.S.C. § 1381-1383b.[1] In response to Plaintiff's brief in support of her complaint, the Commissioner has filed a motion to remand. Plaintiff has responded that she does not oppose the remand.

Plaintiff applied for DIB and SSI in April 2010, alleging she was disabled as of September 1, 2009, by anxiety, a panic disorder, a bipolar disorder, and depression. Her applications were denied initially and after an administrative hearing at which only she testified. The Appeals Council then denied her request for review, thereby adopting the

---

[1] The case is before the undersigned United States Magistrate Judge by written consent of the parties. See 28 U.S.C. § 636(c).

adverse decision of the Administrative Law Judge (ALJ) as the final decision of the Commissioner.

In her supporting brief, Plaintiff argues that the ALJ erred in determining that she was capable of performing her past relevant work, in assessing her residual functional capacity, and in finding at step two of the Commissioner's five-step evaluation process that her hip and back pain were not severe impairments. In her motion to remand, the Commissioner states that on remand the ALJ will be directed to further evaluate whether Plaintiff can perform the actual physical and mental demands of her past relevant work as she actually performed it or as it is generally performed in the national economy and will, if necessary, elicit the testimony of a vocational expert to determine the effect of Plaintiff's nonexertional limitations on the occupational base.

A case seeking judicial review of the Commissioner's adverse decision may be remanded pursuant only to sentence four or six of § 405(g). See **Shalala v. Schaefer**, 509 U.S. 292, 296 (1993); **Melkonyan v. Sullivan**, 501 U.S. 89, 97-98 (1991). "Sentence four,[2] by its terms, authorizes a court to enter 'a judgment affirming, modifying, or reversing the decision of the [Commissioner], with or without remanding the case for a rehearing.'" **Buckner v. Apfel**, 213 F.3d 1006, 1010 (8th Cir. 2000) (quoting § 405(g)) (footnote added). The Commissioner's unopposed motion is properly considered a sentence four remand. See **Boyle v. Halter**, 165 F. Supp.2d 943, 943 n.2 (D. Minn. 2001) (noting that Commissioner's

---

[2]Sentence four reads: "The court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g).

motion to remand after answer has been filed was appropriately made pursuant to sentence four).  It will be granted.

Accordingly,

**IT IS HEREBY ORDERED** that the motion of the Commissioner to reverse and remand is **GRANTED** [Doc. 19] and that this case is remanded pursuant to sentence four of 42 U.S.C. § 405(g) for further proceedings as outlined in the motion.

An appropriate Order of Remand shall accompany this Memorandum and Order.


/s/ Thomas C. Mummert, III
THOMAS C. MUMMERT, III
UNITED STATES MAGISTRATE JUDGE

Dated this  27th  day of August, 2013.